IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ANNA MAE ROUNDS, <br>     Plaintiff | * | |
| | * | |
| v. | | Civil No. AMD 07-633 |
| | * | |
| JOHN W. SNOW, Secretary U.S. <br> Department of the Treasury, et al., <br>     Defendants | * <br><br> *** | |

MEMORANDUM OPINION

In this employment discrimination action, plaintiff pro se Anna Mae Rounds,[1] complains that the Internal Revenue Service ("IRS") violated the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq*, by denying her application for employment in favor of a younger candidate.[2] Now pending is defendants' motion for summary judgment. The issues have been briefed by both parties and a hearing is not necessary.[3] For the reasons that follow, the motion shall be granted.

I.

The operative facts underlying this dispute are uncomplicated and uncontested. Rounds applied for a vacant "Initial Assistance Representative" position in the Salisbury, Maryland, IRS

---

[1] Although Rounds is proceeding pro se, she informs the court that she is an attorney, and therefore I assume that she is able to represent herself with considerably less difficulty than many pro se litigants.

[2] The complaint erroneously names as defendants John W. Snow, in his capacity as Secretary of the Department of the Treasury, along with several individual employees of the IRS. The appropriate defendant for this action is Henry M. Paulson, Jr., who had succeeded Snow as Secretary by the time this case was filed.

[3] Although IRS titled its filing "Motion to Dismiss or, in the Alternative, for Summary Judgment," the motion considers matters outside the pleadings and is therefore properly treated as a motion for summary judgment. FED. R. CIV. P. 12(b).

office during April, 2004. *Compl.* ¶¶ 1-3. In the following months, she supplemented her application with all required materials and consistently checked on its status. *Id.* ¶¶ 4-10. Despite the lengthy application process, IRS's candidate evaluations revolved entirely around the applicants' scores on a self-evaluation questionnaire. *Mem. in Supp. of Def.'s Mot. To Dismiss or, in the Alternative, for Summ. J.*, at 2; *Opp'n to Def.'s Mot. to Dismiss or, in the Alternative, for Summ. J. ¶¶* 15, 16. Rounds' application scored 92.5 and another candidate scored 94.8. *Id.* at 3. In Fall 2004, IRS hired the higher-scoring applicant to fill the vacancy. *Compl.* ¶¶ 16, 17, 20. At the time the selection was made, plaintiff was 61 years old, and the successful candidate was 24. *Id.* ¶ 37.

II.

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). Summary judgment is also appropriate when a party "fails to make a showing sufficient to establish the existence of some element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Furthermore, "unspecific and speculative opinions are simply insufficient" to survive summary judgment in an ADEA action. *Dockins v. Benchmark Communications,* 176 F.3d 745, 748 (4th Cir. 1999).

III.

Under the burden-shifting framework established in *McDonnell Douglas* and generally applied in ADEA claims, the plaintiff must first establish a prima facie case of discrimination. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973); *Reeves v. Sanderson Plumbing Prods.,*

*Inc.*, 530 U.S. 133, 142 (2000) (assuming without holding that *McDonnell Douglas* applies to ADEA claims); *Ruff v. Target Stores, Inc.*, 226 Fed. Appx. 294, 300 (4th Cir. 2007) (applying the *McDonnell Douglas* scheme the ADEA context). Rounds has successfully established her prima facie case by asserting that she was a 61-year-old, qualified applicant for the vacant position and IRS rejected her in favor of a younger candidate. *O'Connor v. Consolidated Coin Caterers Corp.*, 517 U.S. 308, 310 (1996). The burden of production then shifts to the employer to identify a legitimate, nondiscriminatory reason for the hiring decision. *Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248, 253 (1981). Here, IRS's uncontested assertion that the selection was based on the applicants' questionnaire scores constitutes such a nondiscriminatory motivation. Defendant having satisfied its burden, the presumption created by plaintiff's prima facie case disappears and "the burden shifts back to the plaintiff to prove by a preponderance of the evidence that the employer's stated reasons 'were not its true reasons, but were a pretext for discrimination.'" *Hill v. Lockheed Martin Logistics Management, Inc.*, 354 F.3d 277, 285 (4th Cir. 2004) (quoting *Reeves,* 530 U.S. at 143).

Rounds does not dispute that the selected candidate's questionnaire score was higher than her own, or that this factor was determinative in IRS's decision. *Holland v. Washington Homes, Inc.*, 487 F.3d 208, 215 (4th Cir. 2007) ("judgment as a matter of law may be appropriate if a 'plaintiff created only a weak issue of fact as to whether the employer's reasons were untrue and there was abundant and uncontroverted independent evidence that no discrimination had occurred.'" (quoting *Reeves*, 530 U.S. at 148)). Rounds' only pretext argument is premised on her apparent belief that she is qualified and entitled to determine what selection criteria should be used in filling an IRS job vacancy. She asserts that she was the most qualified candidate and infers that IRS must

have acted on age-based animus to have made any other selection. *Opp'n to Def.'s Mot. to Dismiss or, in the Alternative, for Summ. J.* ¶ 18 ("[I]t is clear that any reasonable employer would have found Plaintiff superior to Selectee in all ways except for age."). Instead of arguing that IRS's explanation was merely a veil for discrimination, she asserts that she was the "best" candidate for the vacant position and that the hiring of a 24-year-old is essentially age discrimination *per se*.

Neither plaintiff nor this court is in a position to substitute its judgment for that of IRS regarding the objective, non-discriminatory criteria that agency uses to choose its employees. *Causey v. Balog*, 162 F.3d 795, 801 (4th Cir. 1998). Provided that IRS evaluates its candidates on some basis other than an impermissible trait, it need not demonstrate to this court or the plaintiff that its criteria is the best gauge of candidates' qualifications.

In short, Rounds' subjective belief that she was the most qualified candidate for IRS's vacant position does not establish a triable issue for purposes of the ADEA.

IV.

For the reasons set forth, defendant's motion for summary judgment shall be granted. An Order follows.

Date: October 25, 2007                               /s/
                                                     Andre M. Davis
                                                     United States District Judge